Case 2:15-cr-00299   Document 49   Filed in TXSD on 10/31/16   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 31, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-299 |
| | § | |
| ROBERT BRENT SHEPPARD | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Robert Brent Sheppard filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and brief in support. D.E. 35, 36. Now pending before the Court is the United States' motion for summary judgment (D.E. 44), to which Movant has not responded. For the reasons set forth below, the Government's motion for summary judgment is granted, and Movant's § 2255 motion is denied.

**I. Background**

On June 4, 2014, Movant pled guilty to possession with intent to distribute a controlled substance involving more than 100 plants of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The Presentence Investigation Report (PSR) assigned Movant a base offense level of 18. Two levels were added because a dangerous weapon was possessed, and an additional two levels were added because Movant maintained a premises for the purpose of manufacturing or distributing a controlled substance. After credit for acceptance of responsibility, his total offense level was 19. With a criminal history category of I, his advisory guideline range was 30 to 37 months' imprisonment. However, Movant was subject to a mandatory minimum sentence of 60 months pursuant to 21 U.S.C. § 841(b)(1)(B). At sentencing, the Court adopted the

findings of the PSR and sentenced Movant to 60 months, to be followed by 4 years' supervised release. Judgment was entered on December 10, 2015. Movant did not appeal.

Movant filed the present motion on June 23, 2016, asserting relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). It is timely.

## II. Legal Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

## III. Movant's Allegations

Movant's sole ground for relief in his 2255 motion is as follows:

> Ground ONE: CHANGE IN THE LAW [Supporting facts] Movant petitions the Court for relief pursuant to the recent ruling in *Johnson v. United States*, wherein it was determined the "residual clause" was unconstitutional and VOID for vagueness in relation to violent felonies where a gun was involved.

D.E. 35, p. 4.

**IV. Analysis**

Under the Armed Career Criminal Act (ACCA), a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. §924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015).

In his brief in support of his § 2255 motion, Movant argues that his sentence should not have been enhanced based on his possession of several firearms because the weapons were for personal protection, not for use in his marijuana business, and U.S.S.G. § 2D1.1(b)(1) is void for vagueness under *Johnson*. Movant was not sentenced under the ACCA, he was not convicted of the gun count in the Indictment (Count 8), and his

guideline range was unaffected by his possession of any weapons. Thus, *Johnson* has no effect on his sentence.

Movant acknowledges that the 2-level gun enhancement did not affect his mandatory minimum sentence, but complains that it prevents him from qualifying for safety valve, a Residential Drug Abuse Program (RDAP), or early release. Movant raised the same objection at sentencing. After considering the testimony of DEA Agent Todd Beach and arguments of counsel, the Court overruled the objection, "finding that it's clearly probable that the firearms were connected to the drug activities and to the offense that's before the Court." D.E. 47, p. 24. To the extent Movant claims the Court erred in overruling his objection or otherwise misapplied the Sentencing Guidelines, he should have raised this argument on direct appeal; it is not cognizable now. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## VI. Conclusion

For the foregoing reasons, the Government's motion for summary judgment (D.E. 44) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 35) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

ORDERED this 31st day of October, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE